UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VAIBHAV SINGH TOKAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-01740-SEP |
| | ) |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff's application to proceed in district court without prepayment of fees and costs.  Doc. [2].  Based on Plaintiff's financial information, the Court grants the application and waives the filing fee.  On initial review, the Court dismisses Plaintiff's complaint for writ of mandamus, declaratory, and injunctive relief, and denies all pending motions as moot.  *See* 28 U.S.C. § 1915(e)(2)(B).

**LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. §1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff brings this complaint for writ of mandamus, declaratory, and injunctive relief under 28 U.S.C. § 1361, seeking a Court order directing the United States Citizenship and Immigration Services (USCIS) to conduct an expedited review of his immigration petition. Plaintiff filed a Violence Against Women Act (VAWA) self-petition with USCIS on November 20, 2024, alleging he suffers domestic abuse, discrimination, and homelessness. Doc. [8] at 2. USCIS issued a prima facie determination on January 2, 2025, confirming Plaintiff's basic eligibility, but has not adjudicated the immigration petition. Plaintiff submitted 11 "humanitarian expedite requests" between November 2024 and October 2025, but none has been acted upon by USCIS. Doc. [8] at 2; *see also* Doc. [12-7]. Plaintiff states that he is homeless and has been living out of his vehicle, a 2022 Audi Q5, since December 2024.[1] *Id.* Because of his PTSD, mental health concerns, and the impending cold weather, he alleges the delay in adjudicating his petition places him at "serious risk of medical deterioration or death." *Id.*

## DISCUSSION

Plaintiff asks this Court to order USCIS to act on his petition, which is something it may do only in extraordinary cases. *See* 28 U.S.C. § 1362 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."); *In re SDDS, Inc.*, 97 F.3d 1030, 1034 (8th Cir. 1996) ("The issuance of a writ of mandamus is a drastic remedy to be

---

[1] Plaintiff lists his vehicle in his bankruptcy petition filed August 21, 2025. *See In re Tokas*, No. 25-43214 (E.D. Mo. Bankr. filed Aug. 21, 2025).

invoked only in extraordinary situations." (internal quotation marks and citations omitted)). Mandamus may issue only when the Plaintiff can establish (1) "a clear and indisputable right to the relief sought," (2) that "the defendant has a nondiscretionary duty to honor that right," and (3) that he "has no other adequate remedy." *Id.* at 1034; *see also Castillo v. Ridge*, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (denying writ of mandamus where INS not under a nondiscretionary duty to grant waiver sought by plaintiff).

Petitioner has shown neither that he has a clear and indisputable right to expedited humanitarian review of his immigration petition nor that USCIS has a nondiscretionary duty to honor that right. USCIS's policy manual, cited by Plaintiff, states "USCIS may expedite adjudication of an application, petition, request, appeal, or motion ***at its discretion***." USCIS Policy Manual, Ch. 5, Part A (emphasis added); www.uscis.gov/policy-manual/volume-1-part-a-chapter-5 (last visited Nov. 26, 2025). "As expediting an application, petition, request, appeal, or motion generally means that USCIS would adjudicate the requestor's benefit ahead of others who filed earlier, USCIS carefully weighs the urgency and merit of each expedite request." *Id.* The policy manual describes several criteria that it may consider in determining whether to grant expedited requests, including "[e]mergencies or urgent humanitarian situations," which it describes as "a pressing or critical circumstance related to human welfare." *Id.*

Because Plaintiff has not established a clear and indisputable right to expedited adjudication of his immigration petition, nor that USCIS has a nondiscretionary duty to honor such a request, the Court cannot grant the drastic remedy of mandamus relief. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint seeking a writ of mandamus, declaratory, and injunctive relief is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all other pending motions, Docs. [8], [11], and [13], are **DENIED** without prejudice as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of November, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE