**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VAIBHAV SINGH TOKAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:25-cv-01740-SEP |
| | ) | |
| U.S. CITIZENSHIP AND IMMIGRATION | ) | |
| SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Alter or Amend Judgment for the Limited Purpose of Clarification.  Doc. [16].  For the reasons set forth below, the motion is denied.

### DISCUSSION

"There is no Federal Rule of Civil Procedure specifically governing motions for clarification." *Plus One, LLC v. Cap. Relocation Servs. L.L.C.*, 2025 WL 1450583 (D. Minn. May 21, 2025) (quoting *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018)).  "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend."  *Id.* (quoting *Resol. Tr. Corp. v. KPMG Peat Marwick*, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993)).

On November 26, 2025, the Court dismissed Plaintiff's Complaint, explaining that Plaintiff was not entitled to the mandamus, declaratory, and injunctive relief he requested, as USCIS has discretion over such decisions.  Doc. [14].  After the case was closed, Plaintiff filed the instant Motion to Alter or Amend Judgment for the Limited Purpose of Clarification, Doc. [16].  Plaintiff has not identified anything vague or ambiguous about the Order.   Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment, Doc. [16], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Ruling, Doc. [17], is **DENIED as moot**.

Dated this 24th day of April, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE